ASHLEY D. POSNER (California Bar No.: 106195)
Email: ashleyposner@gmail.com
**POSNER LAW CORPORATION**
15303 Ventura Boulevard, Suite 900
Sherman Oaks, California 91403
Telephone No. (310) 475-8520
Facsimile No. (818) 986-2203

**HILLYER LEGAL, PLLC**
Gregory L. Hillyer *(Admitted Pro Hac Vice)*
Email:  ghillyer@hillyerlegal.com
5335 Wisconsin Avenue, N.W.
Washington, D.C. 20015
Telephone:   (202) 686-2884
Facsimile:    (202) 686-2877

*Attorneys for Plaintiff,*
TRINITY INFO MEDIA, LLC

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| TRINITY INFO MEDIA, LLC<br><br>Plaintiff,<br><br>v.<br><br>COVALENT, INC.<br><br>Defendant, | Case No. 2:21-cv-01360-JWH (MRW)<br><br>**PLAINTIFF TRINITY INFO MEDIA, LLC'S SUPPLEMENTAL BRIEF IN OPPOSITION TO DEFENDANT COVALENT, INC.'S MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM**<br><br>Judge: Hon. John W. Holcomb<br>Hearing Date:  N/A<br>Time:  N/A<br>Courtroom: 2 |

Plaintiff Trinity Info Media, LLC ("Trinity") hereby submits its supplemental briefing on the issues raised during oral argument on Covalent, Inc's Motion to Dismiss [D.E. 30], pursuant to the Court's Order allowing same. D.E. 37. In light of the arguments advanced at the hearing, coupled with the issues outlined herein, Trinity respectfully requests reconsideration and reversal of the Tentative Order ("Tentative").

# SUPPLEMENTAL MEMORANDUM

**I. The Tentative Fails To Accept All Allegations Of Material Fact As True And Fails To Construe The Facts In The Light Most Favorable To Trinity**

During the hearing on Covalent's Motion to Dismiss, Trinity pointed out that the Tentative failed to adhere to certain legal mandates when ruling on the sufficiency of the Amended Complaint [D.E. 22] ("AC").  As acknowledged in the Tentative, "in ruling on a Rule 12(b)(6) motion, '[a]ll allegations of material fact *are taken as true* and construed in the light most favorable to the nonmoving party.'"  Tentative, p. 6 (citing *Am. Family Ass'n v. City & County of San Francisco*, 277 F.3d 1114, 1120 (9th Cir. 2002)) (emphasis added).  The Court must also accept as true *all reasonable inferences* to be drawn from the material allegations in the complaint.  *Pareto v. F.D.I.C.*, 139 F.3d 696, 699 (9th Cir. 1998).  Trinity submits that the Tentative fails to comply with these legal mandates when addressing various elements of various claims in U.S. Patent Nos. 9,087,321 ("the '321 Patent") and U.S. Patent No. 10,936,685 ("the '685 Patent").  Specifically, the Tentative fails to accept as true, or view favorably, allegations regarding the improvement of general-purpose computing[1], advances to the matching protocols, the absence of prior art, etc.—as stated in the *intrinsic evidence* or as further explained in Trinity's Opposition Memorandum ("Opposition").[2]  D.E. 22, 32.  As demonstrated in the table below, the Tentative impermissibly discounts the intrinsic evidence and/or views the facts in the light most favorable *to Covalent*.[3]

---

[1]  The fact that the invention may employ some general purpose computing or improve computer functionality (such as increasing speed) does not doom the claims under § 101.  *See Enfish, LLC v. Microsoft Corp.*, 822 F.3d 1327, 1337-1338 (Fed. Cir. 2016) (where similar data storage and retrieval claims were directed to an "improvement of an existing technology" and achieved "benefits over conventional databases, such as increased flexibility, *faster search times*, and smaller memory requirements").

[2]  The focus of any Rule 12(b)(6) dismissal is the complaint.  *Schneider v. California Dept. of Corr.*, 151 F.3d 1194, 1197, n.1 (9th Cir. 1998).  Thus, when deciding a Rule 12(b)(6) motion, "the court generally looks only to the face of the complaint and documents attached thereto." *Van Buskirk v. Cable News Network, Inc.*, 284 F.3d 977, 980 (9th Cir. 2002).

[3]  *See also*, Trinity's Opposition containing meticulous citations to the intrinsic record, coupled with an indication that these material facts must be accepted as true.  D.E. 32, Opposition, p. 12-15 (citing *Fleming v. Pickard*, 581 F.3d 922, 925 (9th Cir. 2009)).

| Claim | Tentative Ruling | Intrinsic Evidence |
|---|---|---|
| '321 Patent, claim 1 | the "unique identification" and "receiving and storing" limitations are generic computer limitations, with "receiving and storing" being a standard function for accessing the memory and "unique identification" acting as a standard indexing method for each polling answer in the memory. Tentative, p. 14 (citing '321 Patent at 6:2-3). | "The use of a **unique identification** (ID) is integral to the bucketing of users and their responses because it is an input into a hash function that "evens out" where the user information is assigned within the plurality of match servers. Using these features, the process by which polling answers are stored and subsequently compared is a unique function that allows for nearly instant results." D.E. 32, Opposition, p. 5-6, (citing '321 Patent, col. 6, lns. 53-55).<br><br>With respect to "**receiving and storing**," "[i]n sum, before the invention, the prior art did not include, alone or in any combination:…(2) employing multiple match servers and a match aggregator. D.E. 22, AC, ¶32. |
| '321 Patent, claim 1 | Further, the steps of the claim do not improve the functionality of the "processor" or "memory"; rather, they use those generic computer (citing no intrinsic evidence). | The inventions described and claimed in the '321 and '685 Patents represents significant advances over the prior art, ***improve the functionality of general-purpose computers*** and offer other advantages and benefits during matching operations. D.E. 22, AC, ¶25. |
| '321 Patent, claims 2 and 3 | But "cumulatively comparing" those selected answers and displaying the likelihood of a match as a percentage is still merely "collecting information, analyzing it, and displaying certain results of the collection and | "While traditional websites may have queried the user for the purpose of classifying him/her in predefined categories with a similar group of people, such sites did not provide a ***progressive poll*** query that, in real-time, matched the user with other users based on each of the polls taken. A poll-based networking system employing logic that is operable for matching a user, in real-time, with other users based on all of the polls taken |

| Claim | Tentative Ruling | Intrinsic Evidence |
|---|---|---|
| | analysis." Tentative, p. 17 (citing no intrinsic evidence) | by the user and other users represents a significant advance over the art."  D.E. 22, AC, ¶25. |
| '321 Patent, Claim 19 | "Assuming that the preamble of Claim 19 is limiting, those limitations are effectively the same as the processor and memory recited in Claim 1."  Tentative, p. 15 (citing no intrinsic evidence) | "The present invention also includes an advance over the prior art and an improvement over a general-purpose computer in the form of a ***computer-program product*** that is operable on a mobile phone, such as an application ("app") which carries out one or more of the operations described in the patents."  D.E. 22, AC, ¶31.<br><br>"In sum, before the invention, the prior art did not include, alone or in any combination:…(5) carrying out one or more match operations on a computer program product in the form of an application deployed on a mobile phone."  D.E. 22, AC, ¶32. |
| '321 Patent, claim 8 | The "match servers" and "match aggregator" do not improve the functionality of the "processor"; rather, they "improve the experience of the user of the [data processing system] because the user is able to access aspects of the system faster than it would without the multitasking improvement[.]" Tentative, p. 20 (citing no intrinsic evidence). | "The inventions described and claimed in the '321 and '685 Patents represents significant advances over the prior art, improve the functionality of general-purpose computers and offer other advantages and benefits during matching operations."  D.E. 22, AC, ¶25.<br><br>"In sum, before the invention, the prior art did not include, alone or in any combination:…(2) ***employing multiple match servers and a match aggregator***. D.E. 22, AC, ¶32. |

| Claim | Tentative Ruling | Intrinsic Evidence |
|---|---|---|
| '685 Patent, claims 2 and 3 | "Further, reviewing and responding to matches displayed in a list by 'swiping' merely 'improv[es] a user's experience while using a computer application,' which is, without more, insufficient to render the claims directed to an improvement in computer functionality." Tentative, p. 16 (citing no intrinsic evidence). | "The present invention also includes an advance over the prior art and an improvement over a general-purpose computer by enabling a user to review the matches with other users through the act of swiping. For example, two or more results may be displayed in a list reviewable by *swiping* from one result to another." D.E. 22, AC, ¶30.<br><br>"In sum, before the invention, the prior art did not include, alone or in any combination:…(3) carrying out one or more matching operations on a mobile phone; (4) displaying matches or potential matches reviewable by swiping..." D.E. 22, AC, ¶32. |

**II. There Is No Tension Between Accepting Facts As True And *Iqbal/Twombly***

Factual allegations need not be detailed but must rise about the speculative level and present a claim to relief that plausible on its face. Tentative, p. 6-7. A claim has "facial plausibility" when the plaintiff pleads "***factual content*** that allows the court to draw the ***reasonable inference*** that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).[4] Accordingly, patent eligibility can *only* be determined at the Rule 12(b)(6) stage "when there are no factual allegations that, taken as true, prevent resolving the eligibility question as a matter of law." *Aatrix Software, Inc. v. Green Shades Software, Inc.*, 882 F.3d 1121, 1128 (Fed. Cir. 2018). Indeed, plausible factual allegations preclude dismissing a case under § 101 where "nothing on the record refutes those allegations as a matter of law." *Id*. Although courts "are not bound to accept as true a legal conclusion couched as a factual allegation," that is not the nature of the current allegations. *Twombly* at 555. D.E. 32, Opposition, p. 12-15.

---

[4] Critically, a complaint "may proceed even if it strikes a savvy judge that actual proof of those facts is improbable, and that a recovery is very remote and unlikely." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007).

1 | Dated: July 12, 2021

Respectfully submitted,

Ashley D. Posner (CA Bar # 106195)
*ashleyposner@gmail.com*
POSNER LAW CORPORATION
15303 Ventura Boulevard, Suite 900
Sherman Oaks, California 91403
Telephone No. (310) 475-8520
Facsimile No. (818) 986-2203

*s/ Gregory L. Hillyer*
Gregory L. Hillyer (*Pro Hac Vice*)
Email:  ghillyer@hillyerlegal.com
HILLYER LEGAL, PLLC
5335 Wisconsin Avenue, N.W.
Washington, D.C. 20015
Telephone:   (202) 686-2884
Facsimile:    (202) 686-2877