Stephen McArthur (State Bar No. 277712)
stephen@smcarthurlaw.com
Thomas Dietrich (State Bar No. 254282)
tom@smcarthurlaw.com
THE MCARTHUR LAW FIRM, P.C.
9465 Wilshire Blvd., Ste. 300
Beverly Hills, CA 90212
Telephone: (323) 639-4455

*Attorneys for Defendant
Covalent, Inc.*

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| TRINITY INFO MEDIA, LLC,<br><br>Plaintiff,<br><br>v.<br><br>COVALENT, INC.,<br><br>Defendant. | Case No. 2:21-CV-01360-JWH-MRW<br><br>**DEFENDANT COVALENT, INC.'S SUPPLEMENTAL BRIEF IN SUPPORT OF MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM**<br><br>**Judge:** Hon. John W. Holcomb<br>**Hearing Date**: July 2, 2021<br>**Time**: 9:00 a.m.<br>**Courtroom**: 2 |

Covalent addresses issues raised at the motion hearing below. However, to the extent Trinity relies on case law it could have raised in its opposition brief, Covalent objects that Trinity should not be permitted to re-brief the case.

**1. Is claim construction necessary?**

No, because Trinity did not identify a specific claim term to be construed, provide a proposed construction, *and* explain how it might benefit from that construction. In *Mortg. Application Techs., LLC v. MeridianLink, Inc.*, 839 F. App'x 520 (Fed. Cir. 2021), the Federal Circuit recently affirmed Judge Carter's grant of a motion to dismiss under § 101 of claims for matching mortgage loans to lenders performed on a system comprised of multiple servers, which included "hosting an automatic decision engine, wherein the automatic decision engine is configured to automatically process the loan application data and compare the loan application data to lender underwriting criteria to determine one or more compatible lenders." *Id*. at 522. The court found Judge Carter properly ruled on the § 101 issue without claim construction, because the patentee "did not provide any proposed construction . . . [and] did not explain how any proposed construction would change the § 101 analysis." *Id*. at 525; *see also Simio, LLC v. FlexSim Software Prod., Inc.*, 983 F.3d 1353, 1365 (Fed. Cir. 2020); ("Simio has not explained how it might benefit from any particular term's construction under an Alice § 101 analysis."); *Jedi Techs., Inc. v. Spark Networks, Inc.*, No. CV 1:16-1055-GMS, 2017 WL 3315279, at *6 (D. Del. Aug. 3, 2017) (same).

In its briefing, Trinity did not identify any terms to be construed. While it listed one term at the hearing ("unique identification"), Trinity did not provide a proposed construction or explain how that would change the § 101 analysis. Thus, under *MeridianLink* and *Simio*, claim construction is unnecessary.[1]

---

[1] The term "unique identification" is also unambiguously defined in the specification. *See* '321 Patent at 6:2-3 ("Each poll answer has a unique ID within that poll, starting at 0 and going to N-1 where N is the number of answers."). It simply means numbering each answer to a polling question so that answer can be compared to answers to the same question given by other users. *Id*. at 6:9-12.

**2. Does *Enfish* save either of Trinity's patents?**

No, because none of the Asserted Claims recite a specific technological improvement to the way a computer functions. Trinity argued at the hearing that *Enfish* supports patentability. That argument has been roundly rejected in recent Federal Circuit cases involving similar patents. *See Simio*, 983 F.3d at 1361; *Customedia Techs., LLC v. Dish Network Corp.*, 951 F.3d 1359, 1363-64 (Fed. Cir. 2020); *Dropbox, Inc. v. Synchronoss Techs., Inc.*, 815 F. App'x 529, 532-38 (Fed. Cir. 2020). *Simio* explained that "[i]n *Enfish*, the claims were eligible at step one because they were directed to a self-referential table that improved a computer's functionality by improving the way it stored and retrieved data in memory." 983 F.3d at 1361; *Finjan, Inc. v. Blue Coat Sys., Inc.*, 879 F.3d 1299, 1304 (Fed. Cir. 2018) ("the self-referential database found patent eligible in *Enfish* did more than allow computers to perform familiar tasks with greater speed and efficiency; it actually permitted users to launch and construct databases in a new way."). *Simio* and *Customedia* also address other cases Trinity will likely cite, which found claims patentable where "the nature of the claims read in light of their specifications confirmed that they were directed to—were focused on—*an actual technological improvement*." *Simio*, 983 F.3d at 1361 (emphasis added); *Customedia*, 951 F.3d at 1363-64.

By contrast, "claiming the improved speed or efficiency inherent with applying the abstract idea on a computer is insufficient to render the claims patent eligible as an improvement to computer functionality." *Simio*, 983 F.3d at 1361. It is not enough for a specification to assert it solves a technological problem; "that solution has to be evident from the claims." *Dropbox*, 815 F. App'x at 533. Where the claims do not recite an advance that actually improves the functionality of a computer, *Enfish* is inapplicable. *Id.*; *see also SAP Am., Inc. v. InvestPic, LLC*, 898 F.3d 1161, 1168 (Fed. Cir. 2018) (*Enfish* did not apply where "the focus of the claims is not any improved computer or network . . . and indeed, the specification

makes clear that off-the-shelf computer technology is usable to carry out the analysis."); *Customedia*, 951 F.3d at 1363-64 (holding claims for "providing a reserved and dedicated section of [server] storage" to more quickly serve online ads did not "improve the functionality of the computer itself . . . the claimed invention merely improves the abstract concept of delivering targeted advertising using a computer only as a tool.").

Trinity's Asserted Claims are abstract and not analogous to the claims in *Enfish*. Throughout the specifications of both patents, the focus of the invention is (1) matchmaking by asking a question, and (2) using computers as tools to run the process faster, i.e., in "real-time." With regard to claim 8 of the '321 Patent, the recited "match server" and "match aggregator" can be an off-the-shelf computer. *See* '321 Patent at 8:58-58 ("The web server computer 804 can be a conventional server computer system."); 9:3-5 ("Further, the web server computer 804 can be inclusive of the match aggregator and/or match server . . . .").[2] And Trinity's claimed structure of distributing the match comparison to multiple match servers is expressly intended only to make the abstract process run faster. *See* '321 Patent at 7:61-67 ("By using a 'divide and conquer' design, the system can scale to a nearly unlimited number of members and polls . . . a practical limit is about 1,000,000 polls answered per member; however, it would take a person about 2 years to answer 1,000,000 polls if they answered one poll a minute 24 hours a day seven days a week."). The patents thus admit the claimed process can be performed by a human, and the computer just adds speed and efficiency. *See MeridianLink*, 839 F. App'x at 526 (finding similar claims abstract and stating "[w]e have previously held that a process that can be and has been performed by humans without the use of a computer, as the prosecution history shows here, is an abstract idea."). The

---

[2] For an example of the court analyzing the specification's descriptions of computer componentry at the motion to dismiss stage, see *WhitServe LLC v. Donuts Inc.*, 809 F. App'x 929, 934 (Fed. Cir.) (2020) (finding "nothing in the claims points to any improvement in off-the-shelf computers and existing communication networks.").

*SAP* court also rejected similar claims reciting parallel processing, because the "limitations require no improved computer resources [the patentee] claims to have invented, just already available computers, with their already available basic functions, to use as tools in executing the claimed process." 898 F.3d at 1169-70. Likewise, none of Trinity's Asserted Claims recite an actual technological improvement that causes a computer to run faster or to be used in a new way.

That fact is plainly demonstrated Trinity's infringement allegations for *every* Asserted Claim, which are that the Kippo app infringes by matching a user to others based on their answer of which gender they want to be matched with. [Doc. 20 ¶¶ 44-69] Trinity's arguments that the claims recite novel technology are false. Its pleading shows its true belief that its claims are directed to matchmaking based on answers to a question, not any specific improvement in the field of computing. Section 101 is intended to bar such abstract patents that preempt an entire field.

**3. Does the Court have to accept every Trinity allegation as true?**

No, the Court need not accept Trinity's allegations as true where they are not specific and plausible or are wholly divorced from the claims or the specification. The recent *Dropbox* opinion is directly on point. 815 F. App'x at 537-38 (rejecting unsupported factual allegations as "merely attorney arguments attempting to manufacture a factual question," and finding "Dropbox's attorney argument could not establish a factual dispute preventing dismissal because the purported improvements over the prior art have not been captured in the claim language."); *see also Simio*, 983 F.3d at 1365 (rejecting conclusory allegations that an invention improved the functioning and operation of a computer); *Ubisoft Ent., S.A. v. Yousician Oy*, 814 F. App'x 588, 592 (Fed. Cir. 2020) (same).

Trinity's FAC states a concept—progressive poll querying, using an app, running a program on a handheld device, and swiping—and concludes, with zero support, that the concept is an "advance over the prior art." [Doc. 20 ¶¶ 27-32] That is identical to the allegations properly disregarded in *Dropbox*:

> Dropbox's . . . allegations claim that each of the patents solves given technological problems, but never provide more support than a conclusory statement that "the inventions described and claimed . . . solved these problems," improved the art, "represented a significant advance over existing approaches[,] and were not well-known, routine, or conventional in the field" at the time of patenting. *E.g.,* [First Am. Compl.] ¶¶ 50–51. ***These pleadings provide no more than a series of legal conclusion about the § 101 analysis.*** When considering a motion to dismiss, courts "must take all the factual allegations in the complaint as true"—but "are not bound to accept as true a legal conclusion couched as a factual allegation."

815 F. App'x at 538 (emphasis added). Trinity's allegations that it was inventive to ask multiple questions, run a program on a handheld device, and use an "app" are implausible and conclusory. Equally disingenuous is its assertion that it invented swiping in a dating app when it cannot point to a single fact in the specification to support that claim. Trinity's statements are nothing more than unsupported attorney argument, which should be disregarded.[3] *See id*.

Federal Circuit "precedent is clear that merely adding computer functionality to increase the speed or efficiency of the process does not confer patent eligibility on an otherwise abstract idea." *Intell. Ventures I LLC v. Cap. One Bank (USA)*, 792 F.3d 1363, 1367 (Fed. Cir. 2015). Using a computer to return results more quickly, in "real-time" or otherwise, is not a patentable inventive concept. *See id*. And no "real-time" limitation even appears in the Asserted Claims. *See MeridianLink*, 839 F. App'x at 526 ("these features that MAT contends are the innovative technological solutions never appear in the claims"). Further, the '685 Patent's addition of swiping is no more than "appending generic computer functionality to lend speed or efficiency to the performance of an otherwise abstract concept." *Intell. Ventures*, 792 F.3d at 1367. Because Trinity's patents claim a matchmaking process and generic computer components to speed up the process, there is no inventive concept that could support patentability under § 101. *See id*.; *Dropbox*, 815 F. App'x at 534; *MeridianLink*, 839 F. App'x at 526.

---

[3] Despite Trinity's dubious contention that it invented swiping before Tinder, notably Trinity has not sued Tinder for infringement. Trinity apparently does not even believe its own allegations.

DATED: July 12, 2021              Respectfully submitted,

THE MCARTHUR LAW FIRM, PC

By: */s/ Thomas Dietrich*
   Stephen McArthur
   Thomas Dietrich

*Attorneys for Defendant Covalent, Inc.*

# **CERTIFICATE OF SERVICE**

Case Name: *Trinity Info Media, LLC v. Covalent, Inc.*
Case No.: 2:21-cv-01360-JWH-MRW

IT IS HEREBY CERTIFIED THAT:

    I, the undersigned, declare under penalty of perjury that I am a citizen of the United States over 18 years of age. My business address is 9465 Wilshire Blvd., Ste. 300, Beverly Hills, CA 90212. I am not a party to the above-entitled action.

    I have caused service of the following documents, described as:

**DEFENDANT COVALENT, INC.'S SUPPLEMENTAL BRIEF IN SUPPORT OF MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM**

on the following parties by electronically filing the foregoing on July 12, 2021, with the Clerk of the District Court using its ECF System, which electronically notifies them.

Ashley D. Posner                                 *Attorneys for Defendant*
Posner Law Corporation
15303 Ventura Boulevard, Suite 900
Sherman Oaks, California 91403
Tel. (310) 475-8520
ashleyposner@gmail.com

Gregory L. Hillyer
Hillyer Legal, PLLC
5335 Wisconsin Avenue, N.W.
Washington, D.C. 20015
Tel. (202) 686-2884
ghillyer@hillyerlegal.com

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Date:   7/12/2021              By:   */s/ Thomas Dietrich*
                                                   Thomas Dietrich